**Signed: April 15, 2010**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                            No. 10-40200 T
                                                 Chapter 11
SACRAMENTO APARTMENT HOLDINGS,
LLC,

     Debtor-in-Possession.
_____/

**MEMORANDUM OF DECISION RE MOTION FOR RECONSIDERATION**

On April 1, 2010, Timothy A. Wilson ("Wilson") and Ori S. Blumenfeld ("Blumenfeld") filed a motion for reconsideration of two orders, one entered on March 19, 2010 and the other entered on March 31, 2010. The orders, respectively, directed Wilson and Blumenfeld to pay monetary sanctions to JPMCC 2002-C1 Tuolumne Drive Limited Partnership ("Secured Creditor") and to the Office of the United States Trustee (the "UST"). Secured Creditor opposed the motion. Neither party requested a hearing, and no hearing is required by the Court. Having considered the motion and the opposition, the Court concludes that the motion should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 2, 2009, an entity entitled Gold River Apartments LLC ("Gold River") filed a chapter 11 case in the Oakland Division of the United States Bankruptcy Court for the Northern District of California (the "Gold River Case"). The petition listed the Law Firm of Scott Sagaria (the "Sagaria Law Firm") as counsel for the Gold River. There were improprieties in the application, delaying its approval. However, eventually, on April 1, 2009, the Sagaria Law Firm was approved as counsel for Gold River.

Gold River's sole asset was an apartment building in Sacramento, California (the "Apartment Building"). Gold River valued the asset in its bankruptcy schedules at $2.8 million. Because the case was a "single asset real estate case," Secured Creditor was entitled to relief from the automatic stay unless, within 90 days of the filing, Gold River commenced monthly payments on the secured debt equal to the interest on the secured debt at the nondefault rate or filed a plan reasonably capable of being confirmed within a reasonable time. 11 U.S.C. § 362(d)(3).

On March 13, 2009, Secured Creditor filed a motion for relief from stay, permitting it to foreclose on the Apartment Building. The motion asserted that the principal balance of Secured Creditor's claim was approximately $2.5 million and that there were approximately $168,000 in arrearages. It represented further that Gold River had not made a payment on the claim since October 2008. Secured Creditor stated that it had obtained an appraisal of the Apartment Building at less than $2.7 million. The motion also

asserted that Secured Creditor had a security interest in the rents being collected and that Gold River had been using Secured Creditor's cash collateral without its consent or a court order.

The motion was held in abeyance while, over the next few months, the parties attempted to negotiate a cash collateral stipulation. During this period, Secured Creditor received some adequate protection payments. However, the parties experienced continuing difficulties, either in reaching agreement or in compliance with the agreement once it was reached. Finally, the Court set an August 1, 2009 deadline for filing a plan and disclosure statement and for requesting conditional approval of the disclosure statement.

A plan and disclosure statement were filed on August 3, 2009. On August 13, 2009, the Court issued an order denying conditional approval of the disclosure statement, detailing the numerous deficiencies in both the plan and disclosure statement. The Court gave Gold River 30 days to file an amended plan and disclosure statement.

An amended plan and disclosure statement were filed on September 14, 2009. On September 21, 2009, the Court issued an order denying conditional approval of the amended disclosure statement, again describing in detail the deficiencies in the disclosure statement. The order stated that Gold River would be given one more chance to amend the plan and disclosure statement and gave Gold River until October 6, 2009 to file a second amended plan and disclosure statement.

On October 6, 2009, Gold River filed a single document entitled Second Amended Plan and Disclosure Statement.  The names of Wilson and Blumenfeld appeared on this document although no application had been filed to employ them in place of the Sagaria Law Firm.  The document was extremely sloppy and wholly inadequate as a substantive matter.  On October 9, 2009, the document filed on October 6, 2009 was refiled and an additional document was also filed.  On October 9, 2009, a motion for approval of the amended disclosure statement was filed by Wilson and Blumenfeld, scheduling a hearing for November 16, 2009.

On October 14, 2009, the Court issued an order to show cause why the case should not be converted to chapter 7 or dismissed due to Gold River's apparent inability to reorganize.  A hearing on the order to show cause was also scheduled for November 16, 2009.  The order to show cause stated that Wilson and Blumenfeld would not be permitted to appear on behalf of Gold River unless their employment had been approved by the Court by the time of the hearing.  It also indicated that, if Gold River was unrepresented, the Court would convert or dismiss the case because an entity debtor may not be unrepresented by counsel.

On October 22, 2009, Secured Creditor filed a second motion for relief from stay, scheduling a preliminary hearing on the motion for November 13, 2009.  This hearing was later rescheduled to November 16, 2009, to be heard at the same time as the order to show cause and Gold River's motion for approval of the amended disclosure statement and plan.

4

For some reason, three separate employment applications were filed, on October 27, October 30, and November 3, 2009, respectively. An order approving Gold River's employment of Wilson and Blumenfeld was signed on or about November 13, 2009. On November 8, 2009, Wilson and Blumenfeld filed a third amended plan and disclosure statement, noticing the third amended disclosure statement for hearing eight days later, on November 16, 2009.

At the hearing on November 16, 2009, the Court granted Secured Creditor's motion for relief from stay. It concluded that Gold River was not reasonably likely to confirm a plan within a reasonable period of time. However, the Court indicated that it would stay the effectiveness of the order for ten days to permit Gold River to convert the case to chapter 7 if it wished to do so. An order to that effect was entered on or about December 2, 2009.

On November 24, 2009, Wilson and Blumenfeld filed a motion for leave to file a motion for reconsideration of the order granting relief. On December 7, 2009, Wilson and Blumenfeld filed a second motion for leave to file a motion for reconsideration. On December 8, 2009, Wilson and Blumenfeld refiled the second motion.

On December 11, 2009, Wilson and Blumenfeld filed a motion to convert the case to chapter 7. This motion was withdrawn on the same day it was filed. On December 11, 2009, Wilson and Blumenfeld filed a motion for a stay of the order granting relief pending appeal. On December 14, 2009, Wilson and Blumenfeld filed a notice of appeal from the order granting relief. On December 15, 2009, the Court issued its order denying the motion for reconsideration.

5

On December 22, 2009, one of the principals of Gold River transferred the Apartment Building to a newly created entity entitled Sacramento Apartment Holdings, LLC. On the same day, Wilson and Blumenfeld filed a chapter 11 bankruptcy case on behalf of this entity in the San Francisco Division of the United States Bankruptcy Court for the Northern District of California. On December 24, 2009, Secured Creditor filed an ex parte motion for an intra-district transfer of the venue of the case to the Oakland Division, which was granted on January 6, 2010.

On January 8, 2010, Secured Creditor filed a motion for relief from the automatic stay, scheduling a preliminary hearing for January 22, 2010. On January 12, 2010, the UST filed a motion for sanctions based on the bad faith filing of the above-captioned case, seeking reimbursement of its fees and costs, those of Secured Creditor, and some payment of monetary sanctions to the Court based on Rule 9011 of the Federal Rules of Bankruptcy Procedure. A hearing on the motion was scheduled for February 16, 2010.

On the same day, Wilson and Blumenfeld filed a motion to recuse the judge assigned to the case, who was the same judge who had presided over the Gold River Case. They noticed the hearing on their motion for February 1, 2010. However, the hearing was continued by the Court to February 16, 2010, to be heard with the UST's motion for sanctions. On January 22, 2010, the hearing on the motion for relief was also continued to February 16, 2010. Wilson and Blumenfeld filed oppositions to the motion for sanctions and the

Case: 10-40200   Doc# 78   Filed: 04/15/10   Entered: 04/16/10 16:16:45   Page 6 of 12

motion for relief.  Secured Creditor filed an opposition to the recusal motion.

On February 16, 2010, at the hearing, Wilson and Blumenfeld informed the Court that they were withdrawing their recusal motion and their opposition to the motion for relief.  They apologized to the Court for their conduct, attempting to justify it as simply excessive zeal on behalf of their client.  They asked that they not be monetarily sanctioned.  The UST responded that, notwithstanding counsel's present stance, the sanctions were appropriate because their conduct had caused monetary harm to its office and to Secured Creditor.

The Court concluded that sanctions should be imposed in these amounts but declined to order any payment to the Court.  It set a schedule for declarations to be filed setting forth the fees and costs incurred as a result of Wilson's and Blumenfeld's conduct in this case and a deadline for any opposition to the amounts requested.[1]

On February 22 and 23, 2010, respectively, the UST and Secured Creditor filed declarations, setting forth their fees and costs in connection with the above-captioned case.  The declaration filed by Secured Creditor requested fees of $68,018 and costs of $1,177.88.  It consisted of fourteen pages, containing a narrative description of the work performed, broken into sections by time frame and setting forth the time spent and the fees and costs requested with respect

---

[1] On February 17, 2010, the Gold River Case was dismissed.

7

to the work described in that section.  It did not include a task-by-task itemization of the work done or costs incurred.

On March 8, 2010, Wilson and Blumenfeld filed an opposition to fees requested by Secured Creditor but not the fees requested by the UST. In their opposition, Wilson and Blumenfeld contended that the above-captioned case was filed in good faith.  They expressed skepticism that Secured Creditor could have incurred fees of almost $70,000 in the above-captioned case in such a short period of time. They complained that Secured Creditor had filed excessive numbers of motions in the Gold River Case and had otherwise "overlawyered" it. However, they did not object to the lack of a task-by-task itemization of the work done and costs incurred.

Wilson and Blumenfeld also argued that their dismissal of the appeals in the Gold River Case saved Secured Creditor additional legal fees and should be considered as a mitigating factor.  They asserted that their firm is a small boutique law firm with limited means to pay a monetary sanction.  Finally, Wilson and Blumenfeld contended that the fee requested by the UST should also be excused. They argued that the UST had made its point about "the Code" and any monetary penalty would be punitive rather than instructive.

On March 11, 2010, Secured Creditor filed a reply. On March 19, 2010, after considering the arguments made, the Court issued an order, directing Wilson and Blumenfeld to pay Secured Creditor $50,000, over a period of ten months, at the rate of $5,000 per month.  On March 31, 2010, the Court issued an order, directing Wilson and Blumenfeld to pay the UST $2,850 in sanctions.  On April

8

1, 2010, Wilson and Blumenfeld filed a motion for reconsideration of both of the sanction orders. On April 1, 2010, Secured Creditor filed an opposition to the motion.

## DISCUSSION

In their motion for reconsideration, Wilson and Blumenfeld denied having acted with an improper purpose, so as to cause unnecessary delay or needless increase in the cost of litigation. They also objected to the failure of Secured Creditor and the UST to produce "actual bills" showing how they arrived at the fees requested. They expressed skepticism that Secured Creditor can justify fees totaling $50,000 for work done in only forty working days. They contended that Secured Creditor should be required to produce itemizations of the time spent such as those required of counsel whose employment has been approved by the Court and whose fees will be paid by a bankruptcy estate.

Wilson and Blumenfeld also objected to the Court's order directing the $50,000 sanctions to be paid to Secured Creditor at the rate of $5,000 per month. They noted that this is two times more than their monthly office rent. They noted that their law firm is a small boutique law firm which has just begun its operations. To date, they claimed, neither of them has taken a partner draw equal to $5,000 and some months they have been unable to take any draw at all.[2] They contended that $1,000 per month is the most they could

---

[2] Wilson and Blumenfeld repeated the assertion that their sanctions should be reduced because, by withdrawing their appeal in the Gold River Case, they saved Secured Creditor money. However, as noted above, the Gold River Case has been dismissed. As a

9

reasonably repay without jeopardizing the continued operation of their firm.

Finally, Wilson and Blumenfeld noted that they had received a retainer of only $2,500 for their work in the above-captioned case. They contended that a more appropriate order would be to require them merely to disgorge these fees.

Secured Creditor's opposition to the motion was brief. It noted that Wilson and Blumenfeld had an opportunity to object to the format of Secured Creditor's declaration regarding its fees and costs in their original objection and failed to do so. It contended that the rest of the argument made in the motion for reconsideration was simply a repetition of Wilson's and Blumenfeld's original objection. Secured Creditor noted that Wilson and Blumenfeld still expressed no contrition for their conduct. To the contrary, they continued to assert that their conduct was justified. For all of these reasons, Secured Creditor requested that their motion for reconsideration be denied.

The motion will be denied. Secured Creditor's declaration was sufficiently detailed to provide Wilson and Blumenfeld an adequate opportunity to challenge the reasonableness of specific tasks performed. They failed to do so, and the Court views their request for such an itemization now as an effort to delay enforcement of the Court's order. The Court agrees with Secured Creditor's assertion that their motion reflects a lack of recognition that their conduct

---

result, the appeal would have been dismissed as moot in any event.

10

was unacceptable. For this reason, their argument with regard to the UST's fees is particularly without merit. Counsel for Secured Creditor is directed to submit a proposed form of order in accordance with this decision.[3]

END OF DOCUMENT

---

[3] Since it is presumably not in Secured Creditor's best interests to put Wilson's and Blumenfeld's law firm out of business, the Court recommends that they attempt to confer with Secured Creditor to substantiate their contentions concerning their limited finances and to attempt to work out a reasonable payment plan.

COURT SERVICE LIST

Ori S Blumenfeld
Wilson and Associates LP
15260 Ventura Blvd. #1150
Sherman Oaks, CA 91403

Timothy A. Wilson
Wilson and Associates LLP
105 W. 4th St. #1400
Cincinnati, OH 45202

Phillip K. Wang
Duane Morris LLP
One Market Plaza
Spear Street Tower, Ste. 2200
San Francisco, CA 94105-1127

12